IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK A. STEPHENS,

                Plaintiff,

v.                                                               OPINION and ORDER

DEPARTMENT OF CORRECTIONS and                 22-cv-720-wmc[1]
SECRETARY KEVIN CARR,

                Defendants.

---

Pro se plaintiff Mark Stephens contends that the Department of Corrections and DOC Secretary Kevin Carr refuse to reimburse him for funds the DOC improperly withheld to pay for his restitution. Because Stephens is incarcerated and proceeding in forma pauperis, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss this case without prejudice for lack of subject matter jurisdiction.

ANALYSIS

The following facts are taken from the complaint and the records of a related state-court matter. When Stephens was sentenced, the court ordered him to pay restitution, but not until

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

Stephens was on extended supervision. Despite that order, in November 2016 the DOC began confiscating money from Stephens' account to pay that restitution. Stephens sought administrative relief by filing an inmate complaint. His inmate complaint was dismissed, as was his appeal, so Stephens filed a writ of certiorari in Dane County, Wisconsin. The circuit court denied him relief. Stephens appealed, and on March 31, 2022, the Wisconsin Court of Appeals reversed, remanding the matter back to the state court to affirm Stephen's complaints. The Court of Appeals explicitly held that it could only grant equitable relief in the form of granting the writ and reversing the inmate complaint decision, not the return of the funds Stephens was seeking. *See Stephens v. Carr*, No. 2020AP1600, slip op. at 12 (Wis. Ct. App. Mar. 31, 2022).

Back in the circuit court, the court reversed its order on the inmate complaint. *See Stephens v. Litscher*, No. 2017CV600 (Dane Cnty. May 18, 2022). The publicly available record does not show whether the circuit court also directed the DOC to affirm Stephens' inmate complaint or take any other action. Stephens filed a motion with the circuit court seeking return of the confiscated funds, which was denied. Stephens also filed a motion for contempt, which was denied. Stephens is currently seeking reconsideration of that denial.

In this court, Stephen seeks the return of the money confiscated from his account as well as damages related to the loss of those funds. But this court does not have jurisdiction to address Stephens' claim. Lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Because the relief Stephen seeks would require this court to review state court orders related to his request for return of his money, he may not proceed with this claim in this court. I will dismiss this case for lack of subject matter jurisdiction. The dismissal will be without prejudice

because the court has not reached the merits. But given that Stephens' claims were adjudicated in state court, I will not give him an opportunity to amend his complaint here.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice.

2. The clerk of court is directed to close this case.

Entered February 22, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge